IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | **CRIMINAL CASE NO. PWG-13-189** |
| | * | **(Civil Case No.: PWG-14-164)[1]** |
| KEVIN ANTONIO GREENWELL | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Kevin Antonio Greenwell was charged in a one-count Indictment, ECF No. 1, returned on April 17, 2013 and charging him and a co-defendant with conspiracy to distribute cocaine base and cocaine in violation of 21 U.S.C. § 846 ("Indictment Count One"). On July 9, 2013, the Government filed a two-count Superseding Information Solely as to Defendant Kevin Antonio Greenwell, ECF No. 31, charging him with (1) one count of conspiracy to distribute cocaine base and cocaine, 21 U.S.C. § 846 ("Information Count One"), and (2) one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) ("Information Count Two"). On July 9, 2013, Greenwell was arraigned on the Superseding Information, Arr. Minutes, ECF No. 32, and entered a guilty plea to counts Information Counts One and Two, *see* Plea Agr., ECF No. 34.

On October 15, 2013, a sentencing hearing was held before me with respect to Greenwell, Crim. Sentencing Minutes, ECF No. 68. At that hearing, I sentenced Greenwell to eighty-seven months' imprisonment on each of Information Counts One and Two, to run concurrently, J. 2, ECF No. 72, constituting a downward variance from the sentence

---

[1] The ECF Numbers cited herein refer to the documents filed in Defendant's criminal case.

recommended under the U.S. Sentencing Guidelines, *see* Statement of Reasons 2, ECF No. 73. Greenwell also was sentenced to a term of supervised release of four years with respect to Information Count One, and three years with respect to Information Count Two.   At the conclusion of the sentencing hearing, the Government moved to dismiss the sole count in the Indictment.  J. 1.

On January 2, 2014, the Clerk of this Court received a letter from Greenwell arguing that he had pleaded guilty only as to count two of "a two-count indictment" and that, "[u]pon having entered a guilty plea to Count Two—[the] firearm § 922(g) count, on motion entered by the U.S. Attorney's Office, this Honorable Court granted to dismiss Count One in its entirety."  Def.'s Mot. 1, ECF No. 81.  I found that the letter properly was construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and gave Greenwell twenty-eight days to object to that characterization.  Mem., ECF No. 82; Order, ECF No. 83.  When Greenwell did not object, I ordered the Government to respond and set deadlines for opposition and reply briefs.  Letter Order, ECF No. 85.  The Government now has filed an Opposition, ECF No. 86, and the time for Greenwell to respond has passed.

Having reviewed the filings and the record, I find that a hearing is not warranted.  Rule 8(a), Rules Governing § 2255 Proceedings; Loc. R. 105.6.  Greenwell's Motion arises from a misunderstanding of what took place at the sentencing hearing: although Indictment Count One was dismissed, Greenwell pleaded guilty to Information Counts One and Two, neither of which was dismissed, and he was sentenced appropriately for both counts.  Therefore, I am denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence.

## I.   DISCUSSION

28 U.S.C. § 2255(a) permits a prisoner to file a motion to vacate, set aside or correct his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States . . . ." The prisoner must prove his case by a preponderance of the evidence. *Brown v. United States*, Civil No. DKC-10-2569 & Crim. No. DKC-08-529, 2013 WL 4562276, at *5 (D. Md. Aug. 27, 2013). If the court finds for the prisoner, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Although "a *pro se* movant is entitled to have his arguments reviewed with appropriate deference," the court may summarily deny the motion without a hearing "if the § 2255 motion, along with the files and records of the case, conclusively shows that [the prisoner] is not entitled to relief." *Brown*, 2013 WL 4562276, at *5 (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir.1978); 28 U.S.C. § 2255(b)).

Greenwell argues that he was sentenced on the incorrect counts. According to him, though he was "charged in a two-count indictment," he "entered a guilty plea to Count Two" only. Def.'s Mot. Accordingly, to sentence him based, in part, on "count one" was improper, and it also was improper to subject him to four years of supervised release on "count one" even though he was only given a three-year term of supervised release on "count two." *Id.* Greenwell argues that "[t]o be punished for 'dismissed' conduct represents to be a substantial form of injustice that substantially violates 'due process' and 'fundamental fairness.'" *Id.*

The Government has responded taking issue with Greenwell's characterization of the facts. According to the Government, Greenwell "is mistaken. The Petitioner was originally charged in a one-count indictment for conspiracy to distribute crack cocaine and cocaine. However, the Petitioner was thereafter charged in a Superseding Information with conspiracy to

distribute crack cocaine and cocaine (Count One) and felon in possession of a firearm (Count Two)." Gov't Resp. 3. According to the Government, Greenwell pleaded guilty to both counts of the Superseding Information, and "[t]he count that was dismissed on motion by the government was Count One of the Indictment—no counts charged in the Information were dismissed. *Id.*

The filings on the docket leave no doubt that the Government is correct. Greenwell's Plea Agreement, which he signed and indicated that he had reviewed with his attorney, Plea Agr. 9, clearly states that Greenwell was pleading guilty to two counts, *id.* at 1, lists the elements of two separate counts, *id.* at 1–2, and contains U.S. Sentencing Guidelines calculations for two separate counts, *id.* at 4–5. Greenwell correctly noted that, at the conclusion of his sentencing, the United States moved to dismiss "count one." However, as Greenwell already had pleaded guilty to Information Count One, the count that was dismissed at sentencing was Indictment Count One, *see* J. 1 which had been superseded and was rendered superfluous by Greenwell's completed guilty plea. Dismissal of redundant or superseded counts is common at the conclusion of a criminal plea, and though I understand that it may be confusing to a nonlawyer to have two different counts referred to as "count one," the record is clear that Greenwell was sentenced only on those counts to which he pleaded guilty. Accordingly, the record in this case conclusively demonstrates that Greenwell was sentenced properly and is not entitled to relief under § 2255, and the motion must be DENIED.

## II.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255 provides that the court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner." *See Brown*, 2013 WL 4562276, at *10. This certificate "is a 'jurisdictional

prerequisite' to an appeal from the court's order" that "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253(c)(2) and citing *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)). A prisoner makes this showing "[w]here the court denies a petitioner's motion on its merits … by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong." *Id.* (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Greenwell has not raised even a colorable constitutional claim, much less shown that a reasonable jurist "would find the court's assessment of the constitutional claim[] debatable or wrong," he has not made a substantial showing that his constitutional rights were denied and I will not issue a certificate of appealability. *See id.*; 28 U.S.C. § 2253(c)(2). *Miller–El*, 537 U.S. at 336–38; *Slack*, 529 U.S. at 484. However, this ruling does not preclude Greenwell from seeking a certificate of appealability from the Fourth Circuit. *See* Fed. R. App. P. 22(b)(1).

### III.   CONCLUSION

Defendant's Motion to Vacate, Set Aside or Correct Sentence is DENIED. This Memorandum and Order disposes of ECF No. 81 in Criminal No. PWG-13-189.

The Clerk is directed to FILE a copy of this Memorandum and Order in Criminal No. PWG-13-189 and Civil Action No. PWG-14-164, to MAIL a copy of it to Defendant, and to CLOSE Civil Action No. PWG-14-164.

Dated: July 28, 2014                                  /S/
                                                Paul W. Grimm
                                                United States District Judge

dsy